Roby DAVIS, Plaintiff–Appellant,

v.

Honorable Bruce U. MORROW, Defendant.

of Michigan, sitting by designation.

David Smith, Warden; Tereasa Williams; Kurt Jones, Warden; Karen Hubbard; John Simms, Defendants–Appellees.

No. 00–1677.

United States Court of Appeals, Sixth Circuit.

Feb. 1, 2001.

Before BATCHELDER and CLAY, Circuit Judges; POLSTER, District Judge.*

Roby Davis, a Michigan state prisoner, appeals pro se the summary judgment for defendants in a civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Davis filed this action against a state court judge and two prison officials. Davis, who is incarcerated following his convictions of several armed robberies, complained that money was being garnished from his prison account for victim restitution without due process. The district court dismissed the complaint as to the state court judge with prejudice and as to the two prison officials without prejudice, and allowed Davis to reinstate the case after exhausting his administrative remedies. The district court also permitted Davis to add three prison officials from his new place of incarceration, who were responsible for continuing to garnish his account. Defendants moved to dismiss or for summary judgment, and Davis filed a response. The matter was referred to a magistrate judge, who recommended that defendants' motion be granted. The district court adopted this recommendation over the objections filed by Davis and granted summary judgment to the defendants, concluding that Davis was actually challenging his sentence of restitution,

---

* The Honorable Dan A. Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

which would have to be raised by direct appeal in the state courts. Davis reasserts his claim on appeal.

Upon review, we conclude that the summary judgment in favor of defendants must be affirmed, as there is no genuine issue of material fact and they are entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The record shows that one of the sentences on which Davis is incarcerated was entered in 1992, following his guilty plea to an armed robbery, imposing a term of 45 to 75 years of imprisonment and restitution of $1,050. In 1994, Davis was resentenced on this conviction to 14 to 30 years of imprisonment, and restitution was not mentioned. In 1997, legislation was passed in the state of Michigan which mandated that prisons deduct money from prisoners' accounts for court-ordered victim restitution. Defendant prison officials began deducting money from the account of Davis based on his original sentence. When Davis complained, defendants contacted the sentencing judge for clarification. The judge then entered an amended sentence, reinstating the restitution order from the original sentence, and restating the term of imprisonment from the second sentencing order.

■ The district court correctly concluded that the actual complaint Davis was alleging was with the 1997 amended sentence, which he argued reimposed the order of restitution without due process. Accordingly, Davis was required to appeal that sentence in the state courts before seeking to challenge the order of restitution in federal court.

■ Even if the complaint is construed at face value, with Davis alleging that the defendant prison officials intentionally deprived him of his property in an unauthorized fashion, he would still be required to demonstrate that state post-deprivation remedies were inadequate to redress his claim. *See Copeland v. Machulis,* 57 F.3d 476, 479–80 (6th Cir.1995); *Sproul v. City of Wooster,* 840 F.2d 1267, 1270 (6th Cir. 1988).

For the above reasons, therefore, the summary judgment in favor of defendants is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.